UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHNNY VERA, individually and as a representative of the class,<br><br>    Plaintiff,<br><br>  v.<br><br>MONDELEZ GLOBAL LLC,<br><br>    Defendant. | No. 16 C 8192<br><br>Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

Johnny Vera alleges that his former employer, Mondelez Global LLC, used an improper disclosure format to inform him that they planned to run a background check on his personal history before hiring him, in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b(b)(2)(A)(i). *See* R. 1-1. Mondelez has moved to dismiss for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). R. 8. For the following reasons, that motion is granted.

**Legal Standard**

For purposes of a motion to dismiss under Rule 12(b)(1) the court accepts all well-pleaded factual allegations as true and construes all reasonable inferences in the plaintiffs favor. *See Scanlan v. Eisenberg*, 669 F.3d 838, 841 (7th Cir. 2012). "Where jurisdiction is in question, the party asserting a right to a federal forum has the burden of proof, regardless of who raise[d] the jurisdictional challenge . . . ." *Craig v. Ontario Corp.*, 543 F.3d 872, 876 (7th Cir. 2008).

## Background

Vera applied online for a job with Mondelez. R. 1-1 ¶ 20. As part of the application process, the website displayed "a statement related to the general topic of background checks" (the "Statement"). *Id.* ¶ 21. Vera was required to scroll down the webpage in order to read the Statement in its entirety. *Id.* The Statement provided that Vera gave Mondelez "the right to request . . . any and all information about [Vera's] background." *Id.* ¶ 32. In addition to information about requesting a background check, the Statement included "privacy and liability waivers," such as an authorization for "all companies, credit agencies, educational institutions, persons, government agencies, criminal and civil courts, and former employers to release information they have about me and release them for any liability for doing so." *Id.* ¶ 33. Vera also alleges that the Statement misstated his rights under the FCRA, *id.* ¶¶ 42-44, and included various other information about his and Mondelez's obligations should he be hired. *Id.* ¶¶ 47-50. Mondelez then proceded to obtain a background check of Vera. *Id.* ¶ 28.

Vera alleges that Mondelez's Statement violated FCRA's "stand-alone disclosure requirement." The statute provides the following in relevant part:

> a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless . . . a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists *solely* of the disclosure, that a consumer may be obtained for employment purposes . . . .

15 U.S.C. § 1681b(b)(2)(A)(i) (emphasis added). Vera alleges that the Statement Mondelez gave him as part of his employment application violates this provision of the FCRA because it contained more information than just the disclosure that Mondelez intended to "procure a consumer report" about him. R. 1-1 ¶¶ 31, 60, 68.

## Analysis

Mondelez argues that the Court does not have subject matter jurisdiction over Vera's claim because Vera has failed to allege an injury-in-fact. Mondelez argues that even if Vera has alleged that Mondelez failed to comply with the "stand-alone disclosure requirement" in § 1681b, Vera has failed to allege that he was harmed by that failure.

In *Spokeo, Inc. v. Robins* the Supreme Court addressed the circumstances under which violation of statutory rights—like the "stand-alone disclosure requirement" of § 1681b—are sufficient to establish harm that forms that basis of a "case or controversy" under Article III of the Constitution. 136 S. Ct. 1540 (2016). The Supreme Court acknowledged that "Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before." *Id.* at 1549. Nevertheless, "Congress'[s] role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.* For instance, "a bare procedural violation, divorced from any concrete harm, [cannot] satisfy the injury-in-fact requirement." *Id.*

Like Vera's claim, *Spokeo* concerned a provision of the FCRA. The FCRA provision at issue in Spokeo imposed obligations on reporting agencies to follow certain procedures when collecting and reporting background and credit information about individuals. The Supreme Court acknowledged that by imposing these requirements on reporting agencies, "Congress plainly sought to curb the dissemination of false information by adopting procedures designed to decrease that risk." *Id.* at 1550. Despite that intent, however, "[a] violation of the FCRA's procedural requirements may result in no harm. For example, even if a consumer reporting agency fails to provide the required notice to a user of the agency's consumer information [in violation of § 1681e(d)], that information regardless may be entirely accurate." *Id.*

By contrast, "the violation of a procedural right granted by statute *can* be sufficient in some circumstances to constitute injury in fact," such that a plaintiff "need not allege any additional harm beyond the one Congress has identified." *Id.* at 1549 (emphasis added). As an example of such an actionable procedural right, the Court cited the deprivations of information allegedly in violation of rights granted by federal statutes at issue in *Federal Election Comm'n v. Akins*, 524 U.S. 11 (1998), and *Public Citizen v. Department of Justice*, 491 U.S. 440 (1989). *Id.* at 1549-50; *see also id.* at 1553 (Thomas, J. concurring ) (citing *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982) (concerning the right to disclosures under the Fair Housing Act)).

4

Vera does not allege that Mondelez's Statement failed to disclose the fact that Mondelez sought to procure a background check report about him as part of his employment application. Nor does Vera allege that he denied Mondelez permission to conduct such an investigation. The question here, then, is whether a violation of the "stand-alone" aspect of the disclosure requirement is sufficient on its own to establish constitutional harm. In other words, the question is whether the failure to use the statutory form of disclosure constitutes a constitutional harm, when the disclosure was made in substance. Vera, of course, analogizes his right to receive a disclosure in a "stand-alone" form to the right to receive certain information cited by the Supreme Court with reference to the *Akins* and *Public Citizen* cases. For its part, Mondelez argues that the "stand-alone" requirement is a "bare" procedural requirement akin to the FCRA procedural violation at issue in *Spokeo*, which the Supreme Court held did not establish constitutional harm in and of itself.

District courts have come out on both sides of this very issue. *Compare Thomas v. FTS USA, LLC*, 193 F. Supp. 3d 623, 632 (E.D. Va. 2016) (The 'stand-alone disclosure requirement' is "clearly substantive, and neither technical nor procedural."), *with, Hopkins v. Staffing Network Holdings, LLC*, 2016 WL 6462095, at *3 (N.D. Ill. Oct. 18, 2016) ("In the instant case, § 1681b(b)(2)(A) is an adoption of a procedure designed to decrease a congressionally identified risk of harm . . . . [and] a bare allegation of a violation of this section, without more, does not allege a concrete injury."). This is unsurprising since there is merit to both perspectives. On the one hand, Congress expressly granted consumers the right to receive the

5

disclosure in a certain form, indicating that the right is something greater than the "bare" procedural requirement that was at issue in *Spokeo*. On the other hand, when the disclosure is made in the incorrect form, yet no pecuniary, bodily, reputational, or other harm results, it is hard to see why such a circumstance should be legally actionable. Despite district courts' pronouncements that § 1681b(b)(2)(A) is "clearly" either substantive or procedural, nothing could be further from the case.

In any event, the most significant clue the Supreme Court gave to addressing the question at issue here is that the deprivation of information at issue in *Akins* and *Public Citizen* is the kind of procedural right violation which constitutes constitutional harm in and of itself. In those cases, certain statutes required the release of, respectively, information pertaining to campaign contributions and evaluation of federal judicial nominees. The plaintiffs in those cases sued for release of information they alleged the public had a right to obtain pursuant to the relevant statutes. Similarly in *Havens* (the case Justice Thomas cited in his concurrence), an African-American plaintiff sued a landlord who failed to provide her with certain disclosures as required by the Fair Housing Act, whereas the landlord provided the disclosures to white prospective tenants. In all three cases, the plaintiffs sued because they did not receive information or disclosures to which they allegedly had a statutory right. Additionally, all three cases implicated or touched upon fundamental rights, i.e., the First Amendment rights to freedom of association and expression, and the Fourteenth Amendment right to equal protection.

By contrast, Vera does not allege that he was actually deprived of the information with which the FCRA required Mondelez to provide him, and receipt of that information does not implicate a fundamental right. To the extent the FCRA establishes privacy right protections that implicate a fundamental right (and it is not at all clear that a statutory right to protection of one's private information from other private entities is related to the Fourteenth Amendment's Due Process Clause protections against government intrusion into private actions (such as the use of birth control, abortions, or marriage)), Vera does not allege that he denied Mondelez permission to investigate his private information.

Furthermore, the "stand-alone" requirement at issue here is analogous to the FCRA procedural requirements at issue in *Spokeo*, which the Supreme Court held fail to establish an injury-in-fact. In *Spokeo*, the Supreme Court addressed FCRA § 1681e, which requires "[e]very consumer reporting agency [to] maintain reasonable procedures designed to avoid [improper or incorrect disclosure of personal information] and to limit the furnishing of consumer reports to [certain permitted circumstances]." 15 U.S.C. § 1681e(a). Notably, the procedural requirements of § 1681e place obligations on reporting agencies, rather than directly establishing rights for the individuals about whom the agencies are reporting. Congress imposed these obligations on the reporting agencies intending to decrease the risk that the agencies would report inaccurate information. Similarly, the "stand-alone" requirement is an obligation placed on prospective employers who wish to procure background reports, which is only indirectly related to prospective employees' right

7

to receive the disclosure itself. Congress imposed this obligation on employers to decrease the risk that prospective employees would be unaware that they were granting prospective employers access to their private information, and to increase their opportunity to challenge any errors in the report. In both instances—§ 1681e at issue in *Spokeo*, and the "stand-alone" requirement at issue here—(viewed through the lens created by *Spokeo*) the obligations placed on reporting agencies and employers are procedures (or a means) intended to decrease the risk of harms Congress seeks to eliminate. A failure to comply with the procedures might cause the statutorily identified harm, i.e., inaccurate and unauthorized reporting. But a procedural violation will not necessarily cause that harm, so the procedural violation by itself is not an injury-in-fact.

Moreover, Vera has not alleged that he suffered the harm Congress intended the FCRA to prevent. He has not alleged that Mondelez failed to disclose that it intended to investigate his private information. In fact, he alleges that the statement Mondelez had him review did, in fact, inform him that Mondelez intended to perform a background check. Vera also has not alleged that he denied Mondelez permission to conduct such an investigation. Indeed, Vera's allegations demonstrate that the Statement Mondelez required him to review provided the information he argues Mondelez withheld, and that he consented to Mondelez's investigation of his private information. If Vera had alleged otherwise, this would be a different case entirely. As the allegations stand, however, Vera has not alleged

8

that he suffered an injury-in fact, and the Court does not have subject-matter jurisdiction over this case.[1]

## Conclusion

For the foregoing reasons, Mondelez's motion to dismiss for lack of subject matter jurisdiction, R. 8, is granted, and the case is dismissed without prejudice. Should Vera believe he can, consistent with Federal Rule of Civil Procedure 11, cure the deficiencies identified in this opinion, he may file a motion for leave to amend by April 21, 2017. The motion must attach a proposed amended complaint, and be supported by a brief of no more than five pages explaining how the proposed amendments address the Court's analysis in this opinion.

If Vera chooses not to seek leave to amend his complaint, the case will be remanded to the state court pursuant to 28 U.S.C. § 1447(c) ("If at any time before

---

[1] Other district courts in the Seventh Circuit have found a lack of subject-matter jurisdiction over claims based on violation of the "stand-alone" disclosure requirement after applying *Spokeo's* reasoning. *See Hopkins*, 2016 WL 6462095, at *3; *Groshek v. Great Lakes Higher Educ. Corp.*, 2016 WL 6819697, at *2 (W.D. Wis. Oct. 4, 2016) ("The court concludes that receiving a statutorily defective notice is not, in itself, a concrete injury."); *Tyus v. United States Postal Serv.*, 2016 WL 6108942, at *2 (E.D. Wis. Oct. 19, 2016), *affirmed in relevant part on reconsideration,* 2017 WL 52609 (E.D. Wis. Jan. 4, 2017). District courts in other circuits have done so as well. *See Nokchan v. Lyft, Inc.*, 2016 WL 5815287, at *9 (N.D. Cal. Oct. 5, 2016) ("[The plaintiff] does not allege[] that as a result of Lyft's failure to provide the disclosures in a separate document or to notify him of his right to receive a summary of his legal rights he was confused about his rights or that he would not have consented to the background checks had he understood his rights. Nor does he allege that he was harmed by the background check in any way."); *Shoots v. iQor Holdings US Inc.*, 2016 WL 6090723, at *5 (D. Minn. Oct. 18, 2016) ("Shoots cannot avoid the key fact that he knew iQor intended to perform a background check, and that he consented to its doing so."); *Smith v. Ohio State Univ.*, 191 F. Supp. 3d 750, 757 (S.D. Ohio 2016) ("Plaintiffs admitted that they did not suffer a concrete consequential damage as a result of OSU's alleged breach of the FCRA.").

final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). As the Seventh Circuit explained:

> While some consider it odd that a state court might have the authority to hear a federal constitutional claim in a setting where a federal court would not, it is clear that Article III's 'case or controversy' limitations apply only to the federal courts. Perhaps, were the claim remanded to Wisconsin state court, it would there be dismissed on state ripeness or standing grounds. But again, § 1447(c) says that a case removed to federal court 'shall be remanded' to the state court if it is discovered that the federal court lacks subject matter jurisdiction. Wisconsin's doctrines of standing and ripeness are the business of the Wisconsin courts, and it is not for us to venture how the case would there be resolved.

*Smith v. Wisconsin Dep't of Agric., Trade & Consumer Prot.*, 23 F.3d 1134, 1142 (7th Cir. 1994) (internal citations omitted); *see also Mocek v. Allsaints USA Ltd.*, 2016 WL 7116590, at *2-3 (N.D. Ill. Dec. 7, 2016) (remanding case to state court upon finding of a lack of subject-matter jurisdiction pursuant to *Spokeo*); *Hopkins*, 2016 WL 6462095, at *4 (same).

Vera must contact the Court by April 7, 2017, to report whether he intends to seek to amend his complaint. If not, the Court will remand the case to state court.

ENTERED:

_____
Honorable Thomas M. Durkin
United States District Judge

Dated: March 17, 2017

10